UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 3:21CR145 (JAM)** |
| v. | : | |
| **JOSE SOSTRE** | : | **NOVEMBER 17, 2021** |

## MEMORANDUM IN AID OF SENTENCING

The Government respectfully submits this memorandum to assist the Court in sentencing the defendant, Jose Sostre. Sostre stands before the Court having previously pled guilty to a one-count Information, which charged him with escaping the custody of a halfway house in Hartford, in violation of 18 U.S.C. § 751(a). The Government respectfully requests that the Court sentence Sostre at the low end of his Guideline range of 15-21 months of imprisonment. The Government also respectfully requests that the Court sentence Sostre to a three-year term of supervised release after incarceration has ended to ensure that Sostre will receive the addiction and mental health treatment he needs and that he does not commit additional crimes in the future.

**I.   BRIEF FACTUAL BACKGROUND**

In 2012, the Honorable Janet Bond Arterton sentenced Sostre to 120 months of imprisonment for conspiracy to distribute and to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. *See* No. 3:12cr23 (JBA), Docket #115. On September 2, 2020, the Bureau of Prisons transferred Sostre to the Watkinson House in Hartford to serve out the last year of his sentence. Sostre received an orientation for residents of the Watkinson House where he was advised of the consequences of disciplinary infractions inside the facility as well as the consequences of escaping the facility.

On or about November 24, 2020, Sostre escaped from the Watkinson House. Upon conducting an emergency house count, the staff at the facility confirmed that Sostre was not in

1

the custody of the facility and was not in compliance with his Court ordered sentence. Consistent with their protocols for such situations, the staff at the Watkinson House contacted Sostre's emergency contact, the Hartford Hospital, the St. Francis Hospital, and the Hartford Police Department in an effort to locate Sostre. That same day, the Watkinson House Program Director informed the Bureau of Prisons and the U.S. Marshals Service that Sostre was missing from the facility.

Approximately three months later, on February 23, 2021, Sostre turned himself in to the custody of the U.S. Marshals Service at the U.S. District Courthouse in Hartford. While Deputy U.S. Marshal Gregory Chester was placing Sostre in custody, Sostre stated, in sum and substance, that he was sorry and that he wanted to see his children. Before his escape, Sostre was estimated to be released from BOP custody in June 2021.

## II.     GUIDELINE CALCULATION

The parties and the Probation Office agree that Sostre's total offense level is seven and that he falls into Criminal History Category VI. Thus, the Guidelines range is 15-21 months of imprisonment, a fine range of $1,000 to $9,500, and a supervised release term of one to three years. *See* Presentence Report ("PSR") ¶¶ 79-87.

## III.    18 U.S.C. §3553(a) ANALYSIS

Under 18 U.S.C. § 3553(a), the sentencing "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The statute then provides that "[t]he court, in determining the particular sentence to be imposed, shall consider:"

   (1) the nature and circumstances of the offense and the history and characteristics of Sostre;

   (2) the need for the sentence imposed-

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of Sostre; and

    (D) to provide Sostre with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established [in the Sentencing Guidelines];

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a).

The Government summarizes below what it believes are the most significant of the Section 3553(a) factors, which support a Guidelines sentence for the convicted offense.

***Seriousness of the Offense, Respect for the Law, Just Punishment, and Deterrence.*** In 2012, Judge Arterton sentenced Sostre to 120 months of imprisonment after he was convicted of conspiracy to distribute and to possess with intent to distribute 100 grams or more of heroin. *See* No. 3:12cr23 (JBA), Docket #115. This sentence apparently failed to deter Sostre from committing crimes in the future, and failed to engender his respect for the law. There is no doubt that escaping prison is a serious offense that must be deterred. A below-guidelines sentence would signal leniency; that escaping from federal custody is not serious and that message may encourage other inmates in custody at reentry centers simply to leave their respective facilities (especially when they or their loved ones are experiencing difficult times).

    The mission of halfway houses is to prepare the inmates in these facilities for life after

they are released from BOP custody. There is a level of trust that must exist between inmates and the staff at halfway houses for the mission of these facilities to be carried out in an effective manner. Upon arriving at the Watkinson House, Sostre was informed that there are consequences to escaping the facility and yet still decided to violate this trust by leaving the facility. A Guidelines sentence will underscore the importance of that trust, highlight the mission of these reentry centers, and carry out the warning Sostre received upon his initial arrival at the Watkinson House. And, although Sostre emphasizes the non-violent nature of his escape, it bears note that had a confrontation occurred between Sostre and the facility's staff, it could have endangered Sostre, the staff, and other inmates at the Watkinson House.

It is also important to note that in the spring of 2021 Sostre received two disciplinary tickets while at Wyatt; one for possessing suboxone, and the other for fighting with another inmate. *See* PSR ¶¶ 5-6. These behavioral issues extend a long history of disciplinary tickets while in BOP custody for fighting with other inmates and drug possession. *See* PSR ¶ 40. These behavioral issues while in custody reinforce the need for a sentence that will promote deterrence and engender respect for the law.

Sostre's sentencing memo references his daughter's opioid addiction as an explanation for why Sostre escaped the halfway house. Sostre explains that he wanted to help his daughter with her addiction issues; and that while on absconder status he helped his daughter gain employment and he himself held legitimate employment. *See* No. 3:21cr145 (JAM), Docket #30 at 1-3. Whatever his motivation, Sostre has admitted the use of fentanyl during his period of abscondment. *See* PSR ¶ 101. It is difficult to see how Sostre could help his daughter while relapsing into his own drug use. Moreover, Sostre's admitted drug use shows that he would continue to benefit from addiction and mental health treatment, which he can receive while

4

incarcerated and while on supervised release.

## CONCLUSION

The Government respectfully requests that the Court impose a sentence at the low end of Sostre's Guideline range of 15 to 21 months of imprisonment for the charge of escaping the custody of a halfway house, in violation of 18 U.S.C. § 751(a). The Government also seeks a three-year term of supervised release with conditions that include mental health and substance abuse treatment. A sentence at the low end of Sostre's guideline's range would account for Sostre's good intentions in helping his daughter while at the same time reflect the seriousness of escaping the halfway house, promote deterrence, and engender respect for the law.

Respectfully submitted,

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

KENNETH L. GRESHAM
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF CONNECTICUT
Federal Bar No. PHV11130
157 Church Street, 23rd Fl.
New Haven, CT 06510
Tel.: (203) 410-3280

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 17, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

 

_____
Kenneth L. Gresham
Assistant United States Attorney